IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PAUL ANDREW MEMMOTT,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER AND<br>MEMORANDUM DECISION<br><br>Civil Case No. 2:20-cv-464-TC<br>Criminal Case No. 2:08-cr-8568-TC |

On September 18, 2020, the court denied Paul Andrew Memmott's Motion to Vacate Conviction pursuant to 28 U.S.C. § 2255. (See § 2255 Order, ECF No. 9.) Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "The district court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant." For the reasons stated below, the court denies the COA.

## LEGAL STANDARD

When a court denies a § 2255 petition, the petitioner does not have an automatic right to appeal that decision. Instead, the petitioner must obtain a COA from either the district court or the court of appeals. 28 U.S.C. § 2253(c)(1)(B).

To obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court should issue a COA only if "jurists of reason could disagree with the district court's resolution" of the claims raised in the § 2255 petition or "could conclude the issues presented are adequate to deserve encouragement to

1

proceed further." United States v. Springer, 875 F.3d 968, 972 (10th Cir. 2017) (internal quotations omitted).  If "reasonable jurists would not find the district court's decision on these issues debatable or wrong," the court should deny the COA.  Jones v. Warrior, 805 F.3d 1213, 1222 (10th Cir. 2015).

When the court denies a § 2255 petition on procedural grounds (as occurred here), the petitioner has an additional hurdle.  He can obtain a COA only if he shows that both the procedural issue and the underlying claim are reasonably debatable.  Springer, 857 F.3d at 981.

## ANALYSIS

Mr. Memmott admitted to four supervised release violations and his judgment of conviction became final on September 8, 2014.  Typically, his § 2255 Motion, which was filed on June 26, 2020, would be time-barred under 28 U.S.C. § 2255(f)(1), which imposes a one-year period of limitation running from the date the judgment becomes final.  But Mr. Memmott relies on an alternative method to obtain review: if the United States Supreme Court recognizes a new right and makes that right retroactively applicable to cases on collateral review, a petitioner asserting that right may file a § 2255 petition within one year of the Court's decision.  28 U.S.C. § 2255(f)(3).

In his § 2255 Motion, Mr. Memmott relied on the United States Supreme Court's 2019 decision in Haymond v. United States, 139 S. Ct. 2369 (2019), to obtain review. (See Pl.'s Mot. to Vac., ECF. No. 1).  In Haymond the Supreme Court held that 18 U.S.C. § 3583(k), which imposed a minimum five-year prison sentence for certain supervised release violations committed by defendants required to register as sex offenders, was unconstitutional for violating the Fifth and Sixth Amendments.

The court rejected Mr. Memmott's motion as untimely after concluding that Haymond did not apply retroactively to his conviction.  In the § 2255 Order, the court explained that a new

constitutional rule of criminal procedure does not apply retroactively to cases on collateral review unless the rule is substantive or is a watershed rule of criminal procedure. (§ 2255 Order at 5.) In United States v. Salazar, the 10th Circuit found that the Haymond rule did not fit into either the substantive exception or the watershed rule exception. 784 Fed. Appx. 579, 583 (10th Cir. 2019). Applying the 10th Circuit's holding to Mr. Memmott's case, the court found that the rule announced in Haymond did not apply retroactively to Mr. Memmott's conviction. Accordingly, Mr. Memmott's motion was denied as untimely under § 2255(f)(1).

There is little room for disagreement when it comes to the underlying issue of Mr. Memmott's motion–Haymond announced a procedural rule that does not apply retroactively to Mr. Memmott's conviction. And the procedural issue of timeliness is not subject to debate, as Mr. Memmott's motion was filed almost five years after the § 2255(f)(1) one-year limitation period expired. In the court's view "'jurists of reason could [not] disagree with the district court's resolution'" of Mr. Memmott's claims and "'could [not] conclude the issues presented are adequate to deserve encouragement to proceed further.'" Springer, 875 F.3d at 972.

## ORDER

The court orders that no certificate of appealability be issued for the court's September 18, 2020 order denying Mr. Memmott's motion to vacate.

DATED this 18th day of September, 2020.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge