IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PAUL ANDREW MEMMOTT,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER AND<br>MEMORANDUM DECISION<br><br>Civil Case No. 2:20-cv-464-TC<br>Criminal Case No. 2:08-cr-8568-TC |

Prisoner Paul Andrew Memmott moves this court to vacate his conviction under 28 U.S.C. § 2255, arguing that his imprisonment is unconstitutional based on the Supreme Court's decision in Haymond v. United States, 139 S. Ct. 2369 (2019). (Pl.'s Mot. to Vacate at 1, 464 ECF. No. 1.)[1] Mr. Memmott, originally convicted for possession of child pornography, is serving a 10-year sentence pursuant to 18 U.S.C. § 358(k) for violations of supervised release. (856 ECF No. 89.) He asserts that Haymond applies retroactively to his conviction and his current sentence should be vacated.

The court finds that Haymond announced a procedural rule that does not apply retroactively to Mr. Memmott's conviction. Accordingly, his motion is denied as untimely under

---

[1] "464 ECF" refers to the electronic case filing system for the instant action, Memmott v. United States, Case No. 2:20-cv-00464-TC. The court refers to the docket in the original action, United States v. Memmott, Case No. 2:08-cr-00856-TC, as "856 ECF."

1

§ 2255(f). Because Mr. Memmott's motion is untimely, the court does not address whether his motion would be barred by procedural default.

## BACKGROUND

In 2009, Mr. Memmott pleaded guilty to Possession of Child Pornography in violation of 18 U.S.C. 2252(A)(a)(5)(B). (856 ECF No. 38.) He was sentenced to 43 months in prison followed by 60 months of supervised release. (856 ECF No. 59.) After completing his imprisonment term, Mr. Memmott was arrested in 2013 for violating the conditions of his supervised released. He was subsequently sentenced to seven months in prison with 120 months of supervised release. (856 ECF No. 78.) After serving that term of custody, Mr. Memmott again violated the terms of his release. On August 21, 2014, Mr. Memmott admitted to all supervised release violations, which included seeking, viewing, and/or possessing child pornography. (856 ECF No. 89.)

This court revoked Mr. Memmott's supervised release and sentenced him to 10 years imprisonment with supervision for life. (Id.) His sentence was imposed under 18 U.S.C. § 358(k), which mandated a minimum five-year prison term for certain supervised release violations committed by defendants required to register under the Sex Offender Registration and Notification Act (SORNA). (Pl.'s Reply Supp. Mot. to Vacate at 3, 464 ECF. No. 8.) Mr. Memmott now moves to vacate the revocation judgement that sentenced him to 10 years imprisonment. He asserts that the Supreme Court's decision in Haymond invalidated § 358(k) and as a result his conviction under the statute is unconstitutional. (Pl.'s Mot. to Vacate at 4.)

## ANALYSIS

When a movant attacks the constitutionality of a federal conviction under § 2255, he must file a timely motion under the statute and avoid procedural default by exhausting all direct

2

remedies. 2.8. U.S.C. § 2255(f); United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993) (citing United States v. Frady, 456 U.S. 152, 167–68 (1982)). The United States challenges Mr. Memmott's motion on both requirements, asserting that his motion is both untimely and procedurally barred. (Def.'s Resp. at 1.)

The Court agrees with the United States that Mr. Memmott's motion fails § 2255(f)'s timeliness requirement. Haymond does not apply retroactively to Mr. Memmott's conviction and for this reason his opportunity to file a § 2255 motion expired a year after his judgement of conviction became final. Because Mr. Memmott's motion is barred as untimely under § 2255(f), the Court does not reach the issue of whether Mr. Memmott's motion is also barred by procedural default.

A. Timeliness under § 2255(f)

28 U.S.C. § 2255(f)(1) requires that a motion to vacate be filed within one year of the date on which the judgement of conviction becomes final.[2] If the motion is based on a newly recognized right, it must be filed within a year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. § 2255(f)(3).

This court delivered final judgment of Mr. Memmott's current conviction on August 25, 2014, and he did not appeal the judgement on direct review. As a result, his opportunity to file a motion under § 2255(f)(1) expired on September 8, 2015.[3] Mr. Memmott filed his present

---

[2] § 2255(f)(1)'s one-year limitation period is subject to two exceptions: if the movant establishes equitable tolling or actual innocence, the one-year requirement may be excused. See Lawrence v. Florida, 549 U.S. 327, 336 (2007) (explaining equitable tolling); Bousley v. United States, 523 U.S. 614, 623 (1998) (explaining actual innocence.) Mr. Memmott does not argue that he is entitled to either exception.

[3] A judgement becomes final upon the conclusion of direct review or when the time period to seek direct review expires. See United States v. Burch, 202 F.3d 1274, 1277 (10th Cir. 2000). Mr. Memmott's conviction became final on September 8, 2014 because he did not appeal his conviction within 14 days of this Court's judgement. See Fed. R. App. P. 4(b)(1)(A).

motion on June 26, 2020, almost six years after final judgement. (See Pl.'s Mot. to Vacate.) But he asserts that his motion is timely under § 2255(f)(3) because it was filed within one year[4] of the date on which the Supreme Court recognized a new right in Haymond.

### B. The New Rule in Haymond

In Haymond, the Supreme Court considered the constitutionality of 18 U.S.C. § 3583(k). Haymond, 139 S. Ct. at 2373. The statute imposed a minimum five-year prison term for certain supervised release violations committed by defendants required to register under SORNA. Id. at 2374. Under § 3583(k), if a judge found that a defendant on supervised release committed one of several enumerated offenses, including the possession of child pornography, the judge must impose an additional prison term of at least five years and up to life without regard to the length of the prison term authorized for the defendant's initial crime of conviction. Id.

In a plurality decision, the Supreme Court found that § 3583(k) violated the Fifth and Sixth Amendment rights to a jury trial. Id. at 2386 (Breyer, J., concurring). Justice Breyer, who wrote the controlling opinion, noted that the statute's minimum sentence requirement essentially punished the defendant for a new offense without honoring his right to a jury trial. Id. "And in an ordinary criminal prosecution, a jury must find facts that trigger a mandatory minimum prison term." Id. In Alleyne and Apprendi, the Supreme Court held that mandatory minimum or maximum sentences must be dependent on a jury's finding; in Haymond, the Court applied this rule to sentencing for supervised release violations. Alleyne v. United States, 570 U.S. 99, 103 (2013); Apprendi v. New Jersey, 530 U.S. 466, 491 (2000).

### C. Haymond Does Not Apply Retroactively

---

[4] Haymond was decided on June 26, 2019, and Mr. Memmott filed his motion to vacate on June 26, 2020. 139 S. Ct. at 2369.

4

New constitutional rules of criminal procedure generally do not apply retroactively to cases on collateral review. Whorton v. Bockting, 549 U.S. 406, 416 (2007) (citing Teague v. Lane, 489 U.S. 288 (1989)). Teague announced two narrow exceptions: "A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a watershed rule of criminal proceeding implicating the fundamental fairness and accuracy of the criminal proceeding." Id. (quotations omitted).

A rule is substantive if it "alters the range of conduct or the class of persons that the law punishes." Schriro v. Summerlin 542 U.S. 348, 353 (2004); see also United States v. Chang Hong, 671 F.3d 1147, 1151 (10th Cir. 2011), as amended (Sept. 1, 2011). A procedural rule, on the other hand, regulates "only the manner of determining the defendant's culpability." Schiro, 542 U.S. at 353. Such rules alter "the range of permissible methods for determining whether a defendant's conduct is punishable." Id. "They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. at 352. Rules that allocate decision-making authority between the judge and jury are "prototypical procedural rules." Schiro, 542 U.S. at 353; see also United States v. Salazar, 784 Fed. Appx. 579, 583 (10th Cir. 2019); In re Mazzio, 756 F.3d 487, 491 (6th Cir. 2014).

In United States v. Salazar, the 10th Circuit Court of Appeals concluded that "Haymond announced a procedural rule" because it did not change the range of conduct or class of persons punished under § 3583(k). 784 Fed. Appx. at 583. Like Mr. Memmott, the defendant in Salazar was sentenced under § 3583(k) for violations of supervised release, including activities related to child pornography. Id. at 581. The 10th Circuit explained that Haymond did not make the defendant's conduct unpunishable. "Possessing child pornography is still a crime after

5

Haymond." Id. at 583. Rather, Haymond merely changed the method of determining the defendant's culpability. Id.

According to Mr. Memmott, Haymond is substantive because "conduct that would have violated § 3583(k) is no longer punishable." (Pl.'s Reply Supp. Mot. to Vacate at 3.) He contends that § 3583(k) created new aggravated offenses by adding two elements to the crimes it covers: the first is that the defendant is on supervised release, and the second is that the defendant is required to register under SORNA. Id. But Mr. Memmott acknowledges that even without § 3583(k), he faced a potential custodial sentence of two years. (Pl.'s Mot. to Vacate at 3). Like the 10th Circuit stated in Salazar, Mr. Memmott's supervised release violations, including seeking, viewing, and/or possessing child pornography, are still crimes. Though Haymond changed the way in which Mr. Memmott's culpability would be determined if his supervised release violations were before the court today, Haymond does not make Mr. Memmott's conduct unpunishable under the law. Mr. Memmott fails to convince the court that the rule in Haymond is substantive.

Mr. Memmott does not argue that Haymond established a watershed procedural rule under the second Teague exception. Still, it is worth noting that the watershed rule exception is quite narrow. Salazar, 784 Fed. Appx. at 583 (citing Chang Hong, 671 F.3d at 1157). "To surmount the watershed requirement, a new rule . . . must itself constitute a previously unrecognized bedrock procedural element that is essential to the fairness of the proceeding." Chang Hong, 671 F.3d at 1157. The Supreme Court has never found a new rule to be a watershed procedural rule, despite many invitations to do so since Teague. See, e.g., Schriro, 542 U.S. at 355–358. Further, the Supreme Court has repeatedly identified its decision in Gideon v. Wainwright as the only rule which might have fit the Teague watershed exception, had it been

decided after Teague. See Whorton, 549 U.S. at 418–19; Beard v. Banks, 542 U.S. 406 (2004). In the words of the 10th Circuit, "Haymond is not Gideon." Salazar, 784 Fed. Appx. at 583 (quoting Chang Hong, 671 F.3d at 1158) (internal brackets omitted).

In sum, Haymond did not announce a new substantive rule nor a watershed procedural rule. Because it does not fit either Teague exception, it does not apply retroactively to Mr. Memmott's conviction.

## CONCLUSION

The Supreme Court's decision in Haymond announced a new procedural rule that does not apply retroactively to Mr. Memmott's conviction. Accordingly, Mr. Memmott's motion is untimely because it was not filed within one year of final judgement as required under §2255(f)(1).

For the foregoing reasons, Paul Andrew Memmott's Motion to Vacate Conviction Pursuant to 28 U.S.C. § 2255 is DENIED.

DATED this 18th day of September, 2020:

BY THE COURT

*Tena Campbell*

TENA CAMPBELL

U.S. District Court Judge